## MADDEN *vs.* GILMER.

[ACTION AGAINST HUSBAND AND WIFE, ON PROMISSORY NOTE EXECU-
TED BY WIFE BEFORE MARRIAGE.]

1. *Liability of husband for debts of wife dum sola.*—Under the provisions of the Code, (§ 1981,) the husband is not liable for debts contracted by the wife before marriage ; consequently, in an action against husband and wife, founded on a promissory note which is averred in the complaint to have been executed by the wife *dum sola,* the husband only being served with process, a judgment by default against both of the defendants is erroneous, and will be reversed on a joint assignment of error by them.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN COCHRAN.

THIS action was brought by John G. Gilmer, against Michael Madden, and Mary Madden, his wife, and was commenced on the 30th March, 1861. The complaint was in these words : " The plaintiff claims of the defendants two thousand one hundred and thirty-eight 87–100 dollars, due by promissory note made by said Mary Madden, while a widow, and named Mary Carmell, on the 8th day of April, 1857, to Robert Lundy or bearer, and payable by the first day of January next thereafter, with interest thereon ; the said Mary Madden having a separate estate, acquired since the first day of March, 1848 ; and plaintiff avers, that he has the legal title to said note." The summons was returned executed on Michael Madden, and judgment by default was rendered against both of the defendants. The appeal is sued out in the names of both of the defendants, and errors are assigned by them jointly, as

40

follows : " 1st, the judgment is erroneous as against Mary Madden, because she was not served with process ; 2d, the judgment is erroneous as against Michael Madden, because the complaint shows no cause of action against him."

MARTIN & SAYRE, for appellants.

JUDGE, J.—Section 1981 of the Code exempts the husband from all liability for the debts of the wife, contracted before marriage ; but provides that she may be sued alone for the recovery of such debts, and that her separate estate shall be liable to the satisfaction thereof, as if she were an unmarried woman. In an action for the recovery of such a debt, we held in *Zachary v. Cadenhead*, at the June term, 1866, that the wife must be sued alone ; that it was not necessary to aver in the complaint that she has a separate estate ; and that if judgment be recovered against her, the property, if any, constituting her separate estate, is liable for its satisfaction. The cause of action declared on in this case, shows no liability on the part of the husband ; and the wife not having been brought into court by the service of process upon her, the judgment must be reversed, and the cause remanded.